# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**COLUMBIA PICTURES INDUSTRIES, INC., PARAMOUNT PICTURES CORPORATION, and WARNER BROS. ENTERTAINMENT INC.,**

     **Plaintiffs,**

**v.**                 **Case No. 04-C-1192**

**CHRIS MAY,**

     **Defendant.**

## DECISION AND ORDER

On August 20, 2005, Columbia Pictures Industries, Inc. ("Columbia"), Paramount Pictures Corporation ("Paramount"), and Warner Brothers Entertainment Inc. ("Warner Bros.") (collectively the "Plaintiffs") served a summons and an amended complaint (the "Amended Complaint") on Chris May ("May"). The Plaintiffs alleged in their Amended Complaint that May operated a computer server and website that allowed users to download infringing copies of Plaintiffs' copyrighted motion pictures and television shows for free and without authorization. May's operation of his website, according to the Amended Complaint, constituted a copyright infringement, in violation of 17 U.S.C. § 106.

1

May never responded to the Plaintiffs' Amended Complaint. The Plaintiffs, therefore, filed a Request to Enter Default, and the Clerk entered default against Chris May on January 18, 2006. On January 24, 2006, the Plaintiffs filed a Motion for Entry of Default Judgment. In their motion, the Plaintiffs requested statutory damages of $35,000.00, pursuant to 17 U.S.C. § 504(c), and a permanent injunction enjoining May from operating his website and continuing to infringe the Plaintiffs' copyrights. May did not respond to the Plaintiffs' Motion for Entry of Default Judgment.

Upon an entry of default, the allegations of a complaint are taken as true regarding liability, but allegations pertaining to damages typically are not. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). The Court may conduct a hearing to make the requisite findings to calculate an award of damages, but such a hearing is not necessary if a figure can be ascertained from documentary evidence or in detailed affidavits. *See United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). Here, the Plaintiffs have submitted sufficient documentary evidence to support their request for relief, making an evidentiary hearing unnecessary.

Instead of pursuing actual damages, a copyright owner may decide instead to seek statutory damages pursuant to 17 U.S.C. § 504. While the maximum amount a copyright owner may normally collect in statutory damages is $30,000.00, a plaintiff may collect as much as $150,000.00 in statutory damages if there is a finding that the defendant's

2

infringement was willful. *Id.* Here, the Plaintiffs allege that May's infringement of their copyrights was willful, and seek an award of $35,000.00 in damages.

The evidence indicates that May's actions were willful. He knew that the material he made available via his website was copyrighted and was being disseminated without authorization. Furthermore, given the massive online piracy that May apparently orchestrated, and the harsh effects illegal downloads have on the motion picture industry, the Court deems the Plaintiffs' request for $35,000.00 in statutory damages a suitable award.

The Plaintiffs also seek a permanent injunction, pursuant to 17 U.S.C. § 502(a), which this Court will grant. The Plaintiffs have suffered irreparable injury that cannot be fully compensated in money, and the Plaintiffs may continue to suffer such injury unless this Court enjoins May from continuing to infringe the Plaintiffs' copyrights.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Plaintiffs' Motion for Entry of Default Judgment (Docket No. 18) is **GRANTED.**

Chris May **SHALL** pay statutory damages to the Plaintiffs in the amount of **$35,000.00**.

Chris May and his respective agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert with each or any of them, are **ENJOINED** from:

3

(i) aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the unauthorized reproduction, downloading, uploading, and/or distribution of copies of Plaintiffs' copyrighted works, whether using May's website, torrent site, tracker, or by any other means; and

(ii) downloading, uploading, and/or otherwise reproducing or distributing Plaintiffs' copyrighted works, whether using the BitTorrent network or by any other means.

The clerk is directed to enter judgment and close this case accordingly.

Dated at Milwaukee, Wisconsin this 24th day of April, 2006.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**